UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN ALFRED RUCKER,

    **Plaintiff,**

    v.

                        Civil Action 2:14-cv-411
                        Judge James L. Graham
                        Magistrate Judge Elizabeth P. Deavers

FRAZIER HEALTH CENTER, *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, John Rucker, a former state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants failed to treat his serious medical condition in violation of the Eighth and Fourteenth Amendments. This matter is before the Court for consideration of Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 14.) To date, Plaintiff has not filed a response in opposition to Defendants' Motion. For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

### I.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff is a former state inmate who was housed at Pickaway Correctional Institution. He alleges that he has a serious vision problem and that Defendants failed to properly treat the problem while he was incarcerated. (Compl. 5, ECF No. 10.) Plaintiff further alleges that, after numerous complaints, he was taken to The Ohio State University Hospital where an

ophthalmologist diagnosed him as "somewhere between being legally blind and totally blind." (*Id*.) Plaintiff names Frazier Health Center ("FHC") and the [Ohio] Department of Rehabilitation and Corrections ("ODRC") as the Defendants in this case.

Plaintiff has failed to state claims for relief against FHC and the ODRC. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities, whether for injunctive or monetary relief, unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The ODRC is an instrumentality of the state of Ohio. *Meekison v. Voinovich*, No. 98-4107, (6th Cir. June 18, 2003) ("ODRC is a state agency and thus immune from [plaintiff's] claim for monetary damages."). FHC is a part of Pickaway Correctional Institution,[1] which is an instrumentality of the state of Ohio. *See Henricks v. Pickaway Corr. Inst.*, No. 2:08-cv-580, 2009 WL 1322306, * 1 (S.D. Ohio, May 11, 2009) (finding that plaintiff's claims against Pickaway Correctional Institution were barred by the Eleventh Amendment because Pickaway Correctional Institution is an agency of the state of Ohio). Accordingly, because Plaintiff's claims against the ODRC and FHC are barred by the Eleventh Amendment, he has, therefore, failed to state a claim upon which relief can be granted.

---

[1]*See* Ohio Department of Rehabilitation and Correction, Bureau of Medical Services,

**III.**

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE.**

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

---

Ohio.gov (Aug. 15, 2011), http://www.drc.ohio.gov/web/medical.htm.

omitted)).

Date:  October 23, 2014                                          /s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge